**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-6014**

———————

RAKIM JIHAD SHABAZZ, a/k/a Calvin Bernard
Hankins,

                                        Plaintiff - Appellant,

        versus

GARY MAYNARD, Director, SCDC; NATHANIEL
HUGHES, Classification Director; TRACIE
BAXLEY, Chief of Inmate Grievance Branch;
JAMES SIMMONS, Grievance Administrator; RICKIE
HARRISON, Warden of Kershaw Correctional
Institution; DEBRA WISE, Grievance Coordinator
at Kershaw Correctional Institution;
CORRECTIONAL OFFICER SAPP, Kershaw
Correctional Institution; BROACH, Dental
Assistant, Kershaw Correctional Institution;
JOHN PATE, Acting Warden at Allendale
Correctional Institution; RICHARD STROKER,
General Counsel, SCDC,

                                        Defendants - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Matthew J. Perry, Jr., Senior
District Judge. (CA-02-1208-10-BD)

———————

Submitted:  May 21, 2003          Decided:  May 29, 2003

———————

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

Rakim Jihad Shabazz, Appellant Pro Se. Norma Anne Turner Jett, Michael Charles Tanner, EARLY & NESS, Bamberg, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rakim Jihad Shabazz appeals the district court's order accepting the recommendation of the magistrate judge and dismissing, without prejudice, his 42 U.S.C. § 1983 (2000) complaint. We affirm the district court's dismissal of Shabazz's denial of access to the courts claim for the reasons stated by the district court. See Shabazz v. Maynard, No. CA-02-1208-10-BD (D.S.C. Nov. 29, 2002). We affirm the district court's dismissal of Shabazz's other claims, but on the alternate ground of failure to exhaust available administrative remedies. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Accepting, as we must, Shabazz's allegations that at the time they placed him on grievance restriction, Defendants returned to him a large number of grievances that had not been processed, Shabazz does not allege that he was barred from filing all subsequent grievances or that any subsequent grievances were returned unprocessed. Under the grievance restriction, he was not barred from filing grievances, but was limited to three grievances per month. Because the grievance system was available to him, albeit on a limited basis, dismissal without prejudice for failure to exhaust administrative remedies is proper.

3

Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>